# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**LESLIE WAYNE BYRD,**

        **Petitioner,**

v.                                          **Civil Action No. 3:08cv120**
                                                           **(Judge Bailey)**

**GEORGE TRENT,**
**W.V. REGIONAL JAIL**
**AND CORRECTIONAL**
**FACILITY AUTHORITY,**

        **Respondents.**

## OPINION/ REPORT AND RECOMMENDATION/OPINION

### I. Procedural History

The *pro se* plaintiff initiated this case on August 1, 2008, by filing a civil rights compliant against the above-named defendants. (Dckt. 1). On August 5, 2008, the plaintiff was granted permission to proceed as a pauper. (Dckt. 6). Consequently, on February 25, 2009, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. (Dckt. 9). Thus, the Clerk was directed to issue summonses and forward copies of the complaint to the United States Marshal Service for service of process. Id.

On March 23, 2009, the defendants filed a Motion to Dismiss the complaint. (Dckt. 13). Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on March 24, 2009. (Dckt. 16). Although service of the notice was accepted on April 1, 2009 (Dckt. 17), the plaintiff filed a letter on May 18, 2009, which appears to show that he did not receive the notice. (Dckt. 18). Accordingly, in an abundance of caution, the Court issued a second Roseboro Notice on June 6, 2009. (Dckt. 19). As of this date, the plaintiff has not filed a response to the defendants' Motion

to Dismiss. Thus, this case is ripe for review.

## II. The Pleadings

### A. The Complaint

In the complaint, the plaintiff, an inmate at the North Central Regional Jail, challenges a variety of rules and regulations of the West Virginia Regional Jail and Correctional Facility Authority. Specifically, plaintiff asserts that certain kitchen conditions and practices are unsanitary and inhumane. (Dckt. 1). This allegation includes the unsanitary status of prisoner food trays and cups, the unrealistic time period allotted for meals, and the insufficient quality and quantity of the prisoner's dictated menu. In addition, the plaintiff argues that conditions of lock-down are inhumane as the prisoner is not allowed television, radio, newspaper, books, or a calendar. Id. The plaintiff also asserts that certain mail regulations are "mean spirited and unreasonable" because the prison does not provide a secure outgoing mailbox for prisoners and the rules for incoming mail are "ridiculous." Id. Plaintiff then asserts that the prison law library is inadequate because the law library books are out of date and not updated regularly. In addition, the law library staff refuses to correct these deficiencies and deny prisoners adequate time in the law library in spite of the fact that the library "sits empty most of the day." Id.

The plaintiff further asserts that prisoner cells are overcrowded and that their condition is inhumane and unsanitary. Id. Lastly, plaintiff asserts that medical care is inadequate as wait times to see medical doctors are unnecessarily long and available medication is unsatisfactory. Additionally, plaintiff asserts that he was treated worse after filing a grievance and that the Warden condones the "negligent attitude of the medical staff." Id. As relief, the plaintiff seeks compensatory damages of $500 for each day of his incarceration as well as the correction of all of

these conditions.

B.  **The Defendants' Motion**

In their motion, the defendants assert that the plaintiff's § 1983 claims should be dismissed on the following grounds:

(1) the defendants' actions are shielded by qualified good faith immunity;

(2) the plaintiff's claims for equitable relief are moot by virtue of his release from custody;

(3) the plaintiff's claim is barred under Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 (189), finding "[N]either a state, nor its officials, acting in their official capacities are 'persons' under 42 U.S.C. § 1983"; and

(4) the plaintiff does not allege any harm.

Thus, the defendants request that the Motion to Dismiss be granted and the plaintiff's action be dismissed.

### III.  Standard of Review

A.  **Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth or limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue at trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

**IV.   Analysis**

**A.   Claims for Equitable Relief**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

There are, however, recognized exceptions to the mootness doctrine. For example, a case is not moot if the harm alleged is deemed "capable of repetition, yet evading review." See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Nonetheless, that exception applies only when (1) the challenged action is too short in duration to be fully litigated before the case will become moot; and (2) there is a reasonable expectation that the complaining party will be subjected to the same action again. Id. In addition, an inmate may argue that his case should not be mooted upon his transfer or release where the petitioner can show that either (1) the deprivations occurred over time in more than one facility, or (2) that he is a member of a certified class. See Jacobs V. Frank, 2007 WL 737342 (7th Cir. 2007).

In this case, the plaintiff's complaint specifically targets the adequacy of the conditions and services located at the Northern Central Regional Jail. Therefore, his release from that facility on September 10, 2008 for time served, moots his claims for equitable relief. In addition, the plaintiff fails to show that any of the enumerated exceptions to the mootness doctrine are in play. He has not asserted that his claim is capable of repetition, yet evades review, that the challenged action is too short in duration to be fully litigated before becoming moot, or that there is a reasonable expectation that he will be subject to the same action again. Additionally, the plaintiff does not argue that the challenged condition is present at any facility other than the Northern Central Regional Jail or that

6

he is a member of a certified class. Accordingly, his claims for equitable relief are moot.

**B.     Claims for Compensatory Damages**

In Lewis v. Casey, 518 U.S. 343, 351 (1996), the Court held that since inmates have no freestanding right to a certain prison services, "an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's program. The Court further held that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the ... program hindered his efforts to pursue a legal claim." Id.

Moreover, when alleging the inadequacy of prison services, a prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Id. at 1317. Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. Roman v. Jeffes, 904 F.2d 192, 198 (3d. Cir. 1990). Nonetheless, the injury requirement cannot be satisfied by just any type of frustrated legal claim. Lewis v. Casey, 518 U.S. at 354.

Here, the plaintiff has not alleged any actual injury because of the conditions of his confinement at North Central Regional Jail. Instead, he merely alleges that he found these conditions to be unsatisfactory. Absent assertions by the plaintiff that any actual injury resulting from the prison's conditions or regulations has taken place, the plaintiff has failed to state a cognizable federal claim. Cochran v. Morris, 73 F.3d at 1317. Accordingly, his claim for compensatory damages should be dismissed.

**V.  Recommendation**

7

For the foregoing reasons, the undersigned recommends that the defendants' Motion to Dismiss (dckt. 14) be **GRANTED** and that the complaint be **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 31, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE